

FILED

**NOT FOR PUBLICATION**

JUL 01 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSEMARIE COLE, | No. 13-15952 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-05378-PSG |
| v. | |
| THE PERMANENTE MEDICAL GROUP, INC., a California corporation, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| And | |
| KAISER PERMANENTE MEDICAL GROUP, INC., a California corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 11, 2015[]
San Francisco, California

Before: CHRISTEN and WATFORD, Circuit Judges, and ROTHSTEIN,[***] Senior District Judge.

Rosemarie Cole appeals the district court's order granting summary judgment in favor of The Permanente Medical Group on Cole's claim that Permanente terminated her employment in violation of § 510 of the Employee Retirement Income Security Act (ERISA). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

ERISA § 510 provides that "[i]t shall be unlawful for any person to discharge . . . a participant [in an employee benefit plan]. . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. The district court concluded that Cole established a prima facie case of discrimination under § 510 because she was discharged 18 months before she would have been entitled to additional benefits under her pension plan. Even if she established a prima facie case, Cole's claim fails because Permanente articulated a legitimate, nondiscriminatory reason for

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

terminating Cole. *See Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 456–57 (9th Cir. 1995) (applying burden shifting analysis applicable to Title VII and ADEA claims to claim brought under § 510 of ERISA). Cole was terminated because she knowingly violated Permanente's confidentiality policy by accessing her then-husband's medical records 12 times and another person's records more than once. Cole did not present any evidence that showed Permanente's articulated motive for terminating her was pretext for a discriminatory motive. *See id.* Cole did not present evidence that the person who made the decision to terminate her employment was aware that the termination would reduce Cole's pension benefits or disqualify Cole from any benefits.

**AFFIRMED.**